IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PANASONIC CORPORATION,**<br>　*Plaintiff,*<br><br>*v.*<br><br>**MAGNA INTERNATIONAL, INC.,**<br>　*Defendant.* | §<br>§<br>§<br>§   6:21-CV-00319-ADA<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Magna International Inc.'s ("Magna") Motion to Dismiss Plaintiff Panasonic Corporation's ("Panasonic") claims of infringement of U.S. Patent Nos. 10,673,149 ("'149 Patent") and 10,615,516 ("'516 Patent") (collectively, "Radar Patents") under Federal Rule of Civ Procedure 12(b)(6). ECF No. 18.

Magna's Motion to Dismiss is **DENIED**.

### I.　LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 259-30 (2011). "The court's task is to determine whether the plaintiff has

stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Courts will not dismiss a claim unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

In a patent case, a complaint must plead plausible facts alleging that the accused products "meet each and every element of at least one claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "[C]laim construction at the pleading stage—with no claim construction processes undertaken—[is] inappropriate." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012).

## II.    FACTS IN THE COMPLAINT

The Complaint alleges that Magna's ICON RADAR infringes at least one claim of the Radar Patents. Dkt. No. 1, ¶¶ 95, 120. The Complaint pleads facts underlying the infringement theory. *Id.* ¶¶ 32-33, 99-106, 121-30. "[E]vidence of the design and operation of the Accused Radar can be found at . . . Ex. 24 (*A package co-design Methodology for mm-Wave System-on-Chip Transistors*, Vito Giannini et al. (Uhnder), European Microwave Week 2017)." *Id.* ¶ 32. "The Accused Radar Products incorporate a system on a chip developed by Magna and Uhnder for use in these products. Magna collaborated with Uhnder to deploy ICON RADAR." *Id.* ¶ 33. "[T]he Accused Radar Products comprise a radar device, e.g., a radar SoC developed in collaboration between Magna and Uhnder." *Id.* ¶ 99. The "transmitting array antenna of the Accused Radar Products includes a plurality of transmitting antennas . . . . a portion of which is reproduced" in Exhibit 24 attached to the complaint.

*Id.* ¶ 101. As to infringing "pitch" claim elements, the Complaint provides an excerpt from Exhibit 24, annotated to show spacings[1] of 1.5 wavelengths and 2.0 wavelengths,[2] reproduced below:



*Id.* ¶¶ 102, 103, 126, 127.

### III. ANALYSIS

#### A. The Complaint Addresses the "Pitch" Limitations

Defendant contends the Complaint fails to "provide any evidence that the accused ICON RADAR" satisfies various claim elements related to the "pitch" of antenna arrays. Dkt. No. 18 at 10. The Complaint allegedly fails to identify the accused pitch. *Id.* The Radar Patents do not use the word "pitch" in the specification and instead use the word "spacing." *Id.* at 4.

Plaintiff is not required to provide evidence of infringement at the pleading stage. Instead, Plaintiff need only "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

The Court finds that Plaintiff plausibly identified the accused pitch as 1.5 wavelengths or 2 wavelengths, as depicted in annotated Exhibit 24. Dkt. No. 1 ¶¶ 102, 103, 126, 127. The complaint implicitly and plausibly construes "pitch" to mean "spacing." Defendant's brief suggests that Defendant understands this. *See* Dkt. No. 18 at 5 (anticipating this argument). The lack of

---

[1] This is not a ruling on claim construction.
[2] Defendant argues only that Plaintiff failed to identify the pitches, not that identified pitches improperly fall outside of claimed ranges.

specification support may help the Court decide whether "pitch" correctly refers to "spacing" at the Markman hearing, but the Court will not prematurely conduct its Markman hearing now.

Therefore, the Court finds that Plaintiff has sufficiently pled infringement of the "pitch" elements of the Radar Patents.

### B. The Complaint Plausibly Alleges that Defendants Use Uhnder's Technology in the ICON Radar

Defendant contends that the only "evidence" of infringement from Exhibit 24 shows only a hypothetical example from a presentation by Uhnder, not a technology used in the accused ICON RADAR. Dkt. No. 18 at 10-11.

The Court finds that Plaintiff plausibly pleaded that the ICON RADAR uses the accused technology in Exhibit 24 attached to the complaint. Defendant argues that Exhibit 24 shows only a hypothetical technology presented by Uhnder, not a schematic of the accused ICON RADAR. Dkt. No. 18 at 10-11. Defendant's argument contradicts the alleged facts, and the Court must take all plausibly pleaded facts as true for purposes of a 12(b)(6) motion. The Court finds it plausible that Magna and Uhnder collaborated to incorporate Uhnder's presented technology in the ICON RADAR.

### C. *De La Vega* Distinguished

Defendant contends the current case should be dismissed because it resembles *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020). The Court disagrees.

In *De La Vega*, the complaint's allegations required at least three actors to infringe claims 1 and 9. *De La Vega* at *4, 7. This Court also took issue with the De La Vega's allegations regarding a "coupling" limitation of claim 1. There, De La Vega's complaint included three screenshots, but none of them showed or suggested how the claimed "coupling" was performed. *Id.* at *6. For claim 9, De La Vega's complaint "did not provide <u>any</u> description as to how the accused instrumentality

4

infringes." *Id.* at *7 (emphasis original). In contrast, Panasonic's complaint clearly depicts "pitches" or "spacings" labeled "1.5 $\lambda$" and "2.0 $\lambda$" and does not require multiple actors to infringe.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to dismiss

SIGNED this 20th day of January 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE